**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FAN JIANG,<br><br>        Plaintiff,<br><br>    v.<br><br>DAVID N. STILL, DISTRICT DIRECTOR, U.S. CITIZENSHIP & IMMIGRATION SERVICES,<br><br>        Defendants. | 1:06-cv-0369 OWW LJO<br><br>SCHEDULING CONFERENCE ORDER<br><br>Last Date to File Administrative Record: 9/25/06<br><br>Cross-Motions for Summary Judgment Filing Deadline: 10/25/06<br><br>Oppositions Motion Filing Deadline:  11/10/06<br><br>Cross-Motions for Summary Judgment Hearing Date: 12/11/06 10:00 Ctrm. 3 |

**I.   Date of Scheduling Conference.**

   August 9, 2006.

**II.  Appearances Of Counsel.**

   Stuart I. Folinsky, Esq., appeared on behalf of Plaintiff.

   Audrey B. Hemsath, Esq., Assistant United States Attorney, appeared on behalf of Defendant.

**III. Summary of Pleadings.**

   1.   This case involves a dispute regarding the statutory provisions of the Immigration & Nationality Act [hereinafter "The

Act"].  The Act provides for fiancés of United States Citizens to enter into the U.S. as non-immigrant "K-1" entrants for the purpose of marrying the U.S. citizen's fiancé within 90 days of admission.  The Act also provides for the admission of the "children" of the "K-1" alien fiancé as non-immigrant "K-2" entrant.

2.   Plaintiff entered as a "K-2" non-immigrant concurrently with her mother who entered as a "K-1" non-immigrant.  Both Plaintiff and her mother filed for "adjustment of status."  Defendant granted the mother's application for adjustment of status, but denied Plaintiff's application based upon a perceived statutory eligibility.

3.   Plaintiff seeks a legal determination that she is eligible for adjustment of status.

IV. Orders Re Amendments To Pleadings.

1.   The proposed First Amended Complaint is ordered filed.  The parties do not anticipate filing any further amendments to the pleadings at this time.  Defendant shall have through September 8, 2006, to respond to the First Amended Complaint.

V.  Factual Summary.

A.  Admitted Facts Which Are Deemed Proven Without Further Proceedings.

1.   Plaintiff Jiang resides in Kings County, California.

2.   Kings County is within the jurisdiction of the Fresno Division of the Eastern district of California and Fresno sub-office of the San Francisco District of the U.S. Citizenship and Immigration Services.

2

1      3.   Plaintiff filed an application for adjustment of
2 status to lawful permanent with Defendant Still.
3      4.   Although Still admitted knowledge of relevant
4 facts and law, Plaintiff's application has been denied on the
5 ground that Jiang was not eligible for adjustment.
6      5.   Defendant Still is the Director of the San
7 Francisco District Office of the U.S. Citizenship & Immigration
8 Services.
9      6.   San Francisco District maintains a sub-office in
10 Fresno, California.
11      7.   The Fresno sub-office of the U.S. Citizenship &
12 Immigration Services is responsible for adjudication of
13 applications for adjustment of status from "K-2" non-immigrant
14 status to lawful permanent residence under §§ 214(d), 216(a)(1)
15 and (g) of the Immigration & Nationality Act (8 U.S.C. §§
16 1184(d), 1186a(a)(1) and (g)) and matters that are ancillary.
17      8.   Still is responsible for all actions taken by the
18 Fresno sub-office of the U.S. Citizenship & Immigration Service.
19      9.   For the purposes of this case, the following facts
20 are to be treated as true.
21      10.  Ms. Jiang is a native and citizen of the People's
22 Republic of China who now lives in Avenal, California, in the
23 Eastern District of California, Fresno Division.
24      11.  She was born July 14, 1984.
25      12.  Her mother is Pheng Lee Liang and her father is
26 Wayne Jiang, both of whom are also natives and citizens of the
27 People's Republic of China.
28      13.  Ms. Jiang's mother and father were married in

December of 1982 in China and the marriage was terminated on March 5, 1989, in china.

14.  Ms. Jiang was the "child" of Pheng Liang as that term is defined by § 101(b)(1)(a) of the Immigration & Nationality Act.

15.  David Nick Washington, Jr., is a natural born citizen of the United States.  He currently resides in Avenal, California.

16.  Mr. Washington and Ms. Liang became engaged to be married.

17.  On December 14, 2004, Mr. Washington filed a non-immigrant visa petition with the United States Citizenship & Immigration Services [a legacy agency of the former Immigration & Naturalization Service] to accord Ms. Liang non-immigrant "K-1" classification pursuant to § 101(a)(15)(K)(I) of the Immigration & Nationality Act (8 U.S.C. § 1101(a)(15)(K)(I)).  The California Service Center of USCIS assigned file number WAC-05-051-50643 to the non-immigrant visa petition.  The petition was approved on February 7, 2005.

18.  Concomitant to the determination of USCIS that Ms. Liang qualified for classification as a "K-1" non-immigrant, her daughter Ms. Jiang became qualified as a "K-2" non-immigrant pursuant to §101(a)(15)(K)(iii) of the Immigration & Nationality Act (8 U.S.C. §1101(a)(15)(K)(iii)).

19.  On July 11, 2005, the United States Consulate General in Guangzhou, China, issued a non-immigrant "K-1" visa to Fengli Liang with an expiry date of January 10, 2006.  The same day, the Consulate issued a non-immigrant "K-2" non-immigrant

visa to Ms. Jiang with an annotation of "P/A: Liang, Fengli." The "K-2" non-immigrant visa was issued with an expiry date of July 13, 2005.

20.  On July 13, 2005, both Ms. Liang and her daughter Ms. Jiang were admitted by the United States Customs & Border Protection (another legacy agency of the former INS) as non-immigrants at San Francisco, California.  Ms. Liang was admitted as a "K-1" non-immigrant and Ms. Jiang was admitted as a "K-2" non-immigrant.  Both were admitted for a period of 90 days, said authorized period expiring on November 12, 2005.

21.  Fengli Liang and David Nick Washington, Jr., were married on August 24, 2005, in Hanford, California.  Said marriage took place within Fengli Liang's admission to the United States as a "K-1" non-immigrant.

22.  On October 6, 2005, Fengli Liang and her daughter Fan Jiang filed applications for adjustment of status to lawful permanent residence pursuant to §§214(d), 216(a)(1) and (g) of the Immigration & Nationality Act (8 U.S.C. §§ 1184(d), 1186a(a)(1) and (g)).  Fengli Liang's application was processed under file # A 98 442 450.  Fan Jiang's application was processed under file # A 96 648 290.

23.  Still approved the application of Egnali Liang and adjusted her status from "K-1" non-immigrant to that of lawful permanent residence under the "CF-1" immigrant category.  The concomitant application of Fan Jiang should have been normally granted thereby adjusting her status from "K-2" non-immigrant to that of lawful permanent residence under the "CV-2" immigrant category.

24. Still denied Fan Jiang's application for adjustment of status on February 16, 2006.  Said denial was premised solely of purported statutory ineligibility: "K-2" non-immigrants cannot adjust their status to that of lawful permanent residence.

25. There is a dispute as to the legal right of Fan Jiang to seek adjustment of lawful permanent residence based upon her admission as a K-2 non-immigrant followed by the "CF-1" adjustment of her mother.

26. In his February 16, 2006 decision, Still acknowledged the provisions of §§2245 and 101(a)(15)(K) of the Immigration & Nationality Act [8 U.S.C. §§ 245 and 101(a)(15)(K)].

27. However, Still mischaracterized Fan Jiang's application as being under § 245 of the Immigration & Nationality act [8 U.S.C. §1255] rather than being under the provisions of §§ 1184(d) and 1186a(a)(1) and (g)].

28. The February 16, 2006, decision emphasized the statutory provision which authorized Fan Jiang's "K-2" non-immigrant status.  Fan Jiang and Still are in dispute as to whether or not the provisions of the Immigration & Nationality Act should be followed.

29. Plaintiff claims Still's actions are without any justification, substantial or otherwise.

30. Ms. Jiang seeks reasonable attorney's fees under the provisions of the Equal Access to Justice Act.

B.   Contested Facts.

1.   There are no disputed facts.

6

**VI. Legal Issues.**

    **A.  Uncontested.**

        1.  Jurisdiction exists under 28 U.S.C. § 1331 and the provisions of Immigration & Nationality Act.

        2.  Venue is proper in the Eastern District of California, Fresno Division, under 28 U.S.C. § 1391.

        3.  The parties agree that for the purposes of resolving the legal issues in this action, the alleged facts may be deemed admitted.  The parties agree that such admission shall not bind the Department of Homeland Security in further administrative proceedings.  In particular, for the purposes of this action, Plaintiff was born on July 14, 1984, and turned 21 years of age on July 14, 2005.

        4.  The parties agree that Plaintiff was granted a non-immigrant "K-2" visa on July 11, 2005, by the United States Consulate General in Guangzhou, China.  The visa had an expiry date of July 13, 2006.  On July 13, 2006, Plaintiff was admitted as a non-immigrant "K-2" at the Port of Entry at San Francisco, California.  The "K-2" admission was concurrent with the "K-1" non-immigrant admission of Plaintiff's mother.

        5.  Both Plaintiff and her mother were admitted for a period of 90 days, expiring on November 12, 2005.  Plaintiff's mother married Nick Washington, Jr., the United States Citizen petitioner on August 24, 2005, in Hanford, California.

        6.  On October 6, 2005, Plaintiff and her mother filed applications for adjustment of status to lawful permanent residence status.

        7.  These applications were filed with Defendant.

8. Defendant approved the adjustment application of Plaintiff's mother.

9. On February 16, 2006, Defendant denied the application of Plaintiff - Plaintiff was not granted lawful permanent residence status.

10. In regards to paragraph 13 of the Complaint, Defendant denies Plaintiff's description of the February 16, 2006, Decision of Plaintiff.

11. As discussed below, a copy of the February 16, 2006, decision will be filed with the Court.

12. The parties are in agreement that all other denials to allegations in the complaint are not an obstacle to resolution of the proceedings by way of summary judgment.

B. Contested.

1. There is a dispute as to whether or not Plaintiff is legally eligible under the provision of the Immigration & Nationality Act for adjustment of status from "K-2" non-immigrant to that of alien lawfully admitted to permanent residence.

2. The parties are in disagreement as to the interpretation and meaning of §§ 214(d), 216(a)(1), and 216(g) of the Act (8 U.S.C. §§ 1184(d), 1186a(a)(1), and § 1186a(g)).

VII. Consent to Magistrate Judge Jurisdiction.

1. The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII. Corporate Identification Statement.

1. Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the

8

party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.   Discovery Plan and Cut-Off Date.

   1.   The Defendants shall file a complete copy of the administrative record bearing file # A 96 648 290 and shall serve a copy on Plaintiff's counsel.

   2.   The administrative record shall be filed on or before September 25, 2006.

   3.   The parties agree that the case shall be resolved on cross-motions for summary judgment.  Motions for summary judgment shall be filed on or before October 25, 2006.

   4.   Oppositions to cross-motions for summary judgment shall be filed on or before November 10, 2006.

   5.   The motion for summary judgment shall be heard on December 11, 2006, at 10:00 a.m. in Courtroom 3, Seventh Floor, before the Honorable Oliver W. Wanger, United States District Judge.

X.   Settlement Conference.

   1.   No settlement conference will be set at this time.  If the parties believe that a settlement conference would be helpful, they may contact the Courtroom Deputy Clerk, Greg Lucas, at (559) 499-5652, who will set a settlement conference before the assigned Magistrate Judge.

XI.   Related Matters Pending.

   1.   There are no related matters. Plaintiff is aware of a similar case which has been filed in the United States District

9

Court for the District of Colorado entitled *Pham v. Gonzales, et al.*, 2006 CV 00620.  That case was voluntarily dismissed by the Plaintiff.

IT IS SO ORDERED.

Dated:   August 10, 2006                    /s/ Oliver W. Wanger
emm0d6                                   UNITED STATES DISTRICT JUDGE